STEWART and others vs. STEWART and another, imp.

*November 11 — November 30, 1880.*

DEED: DELIVERY. *(1) Presumption of delivery from possession. (2) Facts sufficient to rebut such presumption.* (3) REVERSAL OF JUDGMENT *on preponderance of evidence.*

1. Possession of a deed by the grantee therein named is presumptive evidence of a delivery thereof to him by the grantor, and throws the burden of proof upon the party who denies such delivery.

2. In this case, the grantor went to a magistrate alone, and executed and acknowledged the deed, without previous communication with the grantees on the subject; his remarks to the magistrate indicated that he expected the making of the deed to defeat a railroad mortgage on the land, which he thought he ought not to pay; there is no testimony, except that of the grantees, showing that the deed was ever seen afterwards by any one until after the grantor's death, thirteen years after the date of its execution, when it was recorded; the grantees, nephews of the deceased (who was unmarried), lived with him upon the land, which they all worked in common; there was no visible change in the control or management of the land after the execution of the deed; it was assessed for taxation to the grantor until his death, and the receipts for the taxes were found among his papers. *Held,* that these facts are sufficient to rebut the *presumption* of delivery arising from the possession of the instrument by the grantees.

3. The testimony of the grantees, if accepted as true, would show a delivery to them; but, in addition to the facts above stated, their testimony is contradicted in some important particulars by other witnesses; and the trial court found against them. *Held,* that there is no such preponderance of evidence against the finding as will justify a reversal of the judgment.

APPEAL from the Circuit Court for *Waukesha* County.

The cause was submitted for the appellants on the brief of *D. G. Rogers.*

For the respondents there was a brief by *Cook & Carney,* their attorneys, with *J. V. V. Platto* of counsel, and oral argument by *Mr. Platto.*

LYON, J.    This action was brought to obtain the cancellation of an instrument, and the record thereof, purporting to be a conveyance by one Alexander Stewart, now deceased, of forty acres of land to the defendants *James A.* and *Archibald A. Stewart.* The case was here, on a former appeal, and is reported in 41 Wis., 624.    In such report will be found a sufficient general statement of the case.    A judgment for the plaintiffs was then reversed, and the cause remanded for a new trial.    It has been again tried on the same issue.    Such trial also resulted in a judgment for the plaintiffs, and the defendants *James A.* and *Archibald A. Stewart* have again appealed. In the last trial, as in the first, the testimony was all directed to the question whether the deed was ever delivered by the grantor to the appellants, and that remains the controlling question in the case.

Early in the year 1860, the grantor went to a justice of the peace and had the deed in controversy drawn up.    He signed and acknowledged it, and took it away.    No one went there with him.    The reason he gave the justice for making the deed was, that he had executed a mortgage on the same land to a railroad company, presumably for stock therein, and he thought he ought not to pay it.    He seemed to have the idea that the making of the deed would in some way defeat that mortgage.    It does not appear that there was any communication between the grantor and the appellants on the subject before the deed was made.

Aside from the testimony of the appellants, there is no direct proof that they ever had the deed in their possession

before the death of the grantor, which occurred March 7, 1873. No other witness testifies that he saw it after the grantor took it away from the office of the justice, until after his death. The appellant *James A. Stewart* testified, in substance, that the deed came into his possession in March, 1861, and was afterwards deposited by him with his father (the grantor's brother), presumably for safe-keeping, and that he found it among his father's papers after the death of the latter. Several questions put to both appellants concerning their possession of the deed were ruled out, because, as we suppose, the learned circuit judge thought they infringed the statute which precludes a party from testifying, in certain cases, to transactions or conversations with one who had died before the trial. But on the cross examination of *James A. Stewart*, he testified, without objection, that the grantor delivered the deed to him at the date last mentioned.

There is much testimony of the acts and statements of the grantors and the appellants after the deed was made, bearing upon the question of delivery. Some of this testimony tends to support the hypothesis that the deed was delivered, and some of it tends in the opposite direction. No attempt will be made to state this testimony in detail. It satisfactorily appeared that the land was assessed for taxation to the grantor constantly until he died, except that it was assessed one year to his brother, the appellants' father. The receipts for the taxes, or many of them, were found among the papers of the grantor after his death, in a desk in his shop. The grantor was a bachelor, and lived, both before and after the deed was made, with the appellants, or one of them. It seems the three worked the land in controversy in common, though under what special agreement or arrangement, if any there was, is not shown. It appears that there was no visible change in the control or management of the land after the making of the deed.

After a most careful examination of the evidence (of which the foregoing is but an outline), we are impelled to the

conclusion that, aside from the testimony of the appellants themselves, the non-delivery of the deed is fairly proved. Undoubtedly the possession of the deed by the grantees is presumptive evidence of the delivery thereof by the grantor, and the *onus probandi* is on him who denies the delivery, to rebut the presumption by proof. Not considering, for the time being, the testimony of the appellants, we think the presumption of delivery arising from the appellants' possession of the deed is rebutted by the evidence of the relative situation of the parties to each other and to the land in controversy, the circumstances under which the deed was made, the avowed purpose of the grantor in making it, and the apparent want of any consideration therefor; also by the facts that the appellants were unable to produce any witness who ever saw the deed in their possession; that it remained unrecorded until the day after the grantor died, when they had it recorded; that the land was assessed to the grantor, and the tax receipts were found with his papers; and that the grantor had negotiations with a view to a sale of the land but a short time before he died. More than this, we think the testimony outweighs that on the part of the appellants to the effect that the grantor often admitted that he had conveyed the land to the appellants.

If, therefore, the judgment of the circuit court is wrong, it is because the evidence tending to show non-delivery of the deed is outweighed by the testimony of the appellants, given by them as witnesses. If their testimony imported absolute verity, we could readily say that the delivery of the deed is proved. But their statements are not necessarily verities in the case. They are most deeply interested in the result of the litigation, and their testimony may be more or less influenced thereby. It is a circumstance to be considered. Moreover, in some material particulars they are contradicted by other witnesses. Their credibility is to be determined; and no tribunal is so competent to determine it as the trial court before which they, and all of the witnesses, gave their testimony in

person. Manifestly, the conclusion of that court on the question has been adverse to them; and there is too much conflict and uncertainty in the proofs to justify us in reversing that conclusion. We have no right to say that the testimony of the appellants must be taken as true, and all testimony in conflict with it as false.

The circuit court sustained objections to certain questions propounded on behalf of appellants to different witnesses, and these rulings are assigned as error. An examination of the testimony shows that such questions were ultimately answered, except two which were put to one of the appellants. These were: (1) "Did you and your brother, from your earnings on this farm after it was deeded to you, pay off that railroad mortgage?" And (2) "For what purpose did you deliver the deed to your father?" It is perfectly obvious from the testimony that the deed was so delivered for safe-keeping, and the ruling on that question is of no importance. Probably the appellants should have been permitted to prove that they paid the railroad mortgage, as it might have some bearing on the question of delivery. The question is, however, very objectionable in form, for it assumes the whole ground of controversy, to wit, that the land was conveyed to the appellants. The ruling out of the question in that form is scarcely sufficient ground for reversing the judgment. However, in passing upon the testimony, we consider it as though the witnesses had answered the question in the affirmative, which is most favorable to the appellants.

Upon the whole case, therefore, we are impelled to the conclusion that there is no such satisfactory preponderance of evidence against the findings and judgment of the circuit court as will justify us in disturbing them.

*By the Court.*— Judgment affirmed.