[No. 18200.   Department One.—March 30, 1894.]

M. D. ESHLEMAN, Appellant, v. HENRIETTA
VINEYARD CO. et al., Respondents.   No. 3180.
M. D. ESHLEMAN, Respondent, v. G. H. MAL-
TER et al., Appellants.   No. 3593.   HENRI-
ETTA VINEYARD CO. et. al., Appellants, v. I. S.
ESHLEMAN et al., Respondents.   No. 3653.

Corporation—Agency—Joint Ownership of Land—Unrecorded Deed—
    Action to Perfect Title of Record.—Where a corporation was used
    as a means to the more successful operation of a winery plant by two
    joint owners of a vineyard, one of whom had held the legal title to the
    land which he had put in the name of the corporation as a matter of
    convenience, he being the holder of all the stock of the corporation, the
    officers of which were simply his agents, a conveyance, made by his di-
    rection, from the corporation to both of the original joint owners of the
    winery tract, which was never recorded, and was kept by the holder of the
    corporation stock among his private effects, vests the title of the corpo-
    ration in both joint owners, and the vendee of the other joint owner
    may compel the execution of the proper instruments necessary to show
    of record that the title transferred by the corporation to both joint own-
    ers had, as to the interest of the other joint owner, vested in his vendee.
Id.—Evidence—Declaration as to Joint Ownership.—In view of cir-
    cumstances in proof showing the relation of the parties to the corpora-
    tion, evidence of acts and declarations by the holder of the corporation
    stock showing that himself and the plaintiff's assignor were joint owners
    of the winery tract is admissible in an action to compel the corporation
    and the owner of its stock to complete the title of record which was
    transferred to both joint owners.
Id.—Joint Ownership—Delivery of Deed.—The delivery of a deed to one
    of two joint owners is a delivery to both.

APPEAL from three judgments of the Superior Court
of Fresno County.

The facts are stated in the opinion of the court.

*W. D. Tupper*, and *Tupper & Tupper*, for Appellants.

*Edward Lynch*, for Respondents.

Paterson, J.—The appeals in these three cases all
rest upon the same statement of facts.   Action 3180 is
for the specific performance of a contract to sell cer-
tain lands.   No. 3593 is for the partition of 14.46 acres
of land which embrace the 8.06 acres for which specific

performance is sought. No. 3653 is an action brought by the corporation and Malter to eject the plaintiff in the first action from the possession of the same 14.46 acres of land. In Eshleman, appellant, *v.* Henrietta Vineyard Company, respondent, No. 18018, this day filed, M. D. Eshleman appealed from that portion of the judgment entered in the court below denying her prayer for specific performance. In No. 3180 the defendants, on this appeal, attack a part of the same decree on the ground that there is no evidence to show that the respondent became the owner of an undivided one-half interest in the land, as found by the court below.

In addition to the facts stated in *Eshleman* v. *Henrietta Vineyard Company*, No. 18018, the court below found the following: The board of directors of the vineyard company consisted of five persons, of whom Malter was one. The latter was president of the corporation, and owner of all the capital stock except a small amount, which he furnished to four other persons, to enable them to qualify and act as directors. These persons were controlled in their action entirely by the wishes of Malter. By direction of Malter the corporation sold and conveyed the 14.46 acres of land, described in the complaint to Malter and Rogers, the deed being executed to them on or about January 21, 1886. The deed was thereafter kept by Malter among his private effects, and was never recorded. Rogers conveyed to the plaintiff on April 1, 1891. As conclusions of law the court found that the plaintiff was not entitled to judgment for specific performance, because estopped by the acceptance of the deed from said corporation of January 21, 1886, but that she became by the transfer to her of Rogers' title a tenant in common with defendant Malter in said 14.46 acres of land, and the owner of an undivided interest therein. The court also found that the vineyard company had no title or interest in said tract of land, but that the defendants should be compelled to perfect title in plaintiff to said undivided half interest, and that said corporation and Malter should be required to exe-

cute proper instruments necessary to show of record that the title transferred by the corporation to Malter and Rogers had been as to said Rogers' interest vested in the plaintiff.

It is contended by the appellants that the evidence is insufficient to support the findings of fact and the conclusions of law as to the title and interest of E. B. Rogers in the winery tract, regardless of the question whether that tract is composed of 14.46 acres, as described in the deed, or of 7.04 acres, as contended for by respondent; but we have carefully examined the evidence, and think there is sufficient to sustain the decision. It tended to show that Malter and Rogers were joint owners, and that the vineyard company was used as a means to the more successful operation of the winery plant. Malter was the owner of practically all the stock of the corporation, and its officers were in fact simply his agents. He put the legal title of the property in the name of the corporation as a matter of convenience. The contract of purchase from Chapman in 1881 was in the name of both Malter and Rogers, but the deed was taken in the name of Malter alone. The latter claimed that Rogers was to pay for his interest out of the profits of the firm, but that he never did so, having greatly overdrawn his account, but it was for the court to say, on all the circumstances, whether this was so. There is evidence of acts and declarations by Malter showing that Rogers and himself were joint owners. It is unnecessary for us to recount them here. Some of them are specified in respondent's brief, and, in view of the circumstances showing the real relation of the parties to the corporation, we think that the evidence was admissible.

Being joint owners the delivery of the deed to Malter was a delivery to both.

Upon the evidence, findings, and stipulations of counsel, we think the judgments in all the cases should be affirmed, and it is so ordered.

GAROUTTE, J., and HARRISON, J., concurred.