[No. 18202.   Department One.—October 1, 1894.]

THOMAS BLACK, APPELLANT, v. MILES SHARKEY,
RESPONDENT.

DEED—POSSESSION BY GRANTEE—DELIVERY—EVIDENCE.—While the pos-
session of a deed by the grantee is *prima facie* evidence that it was
delivered by the grantor with intent that it should take effect according
to its terms, yet such possession is not conclusive evidence of a valid
delivery; and it may be shown by parol evidence that a deed in the
possession of the grantee was not delivered.

APPEAL from a judgment of the Superior-Court of
Plumas County.

The facts are stated in the opinion.

*P. O. Hundley,* and *Goodwin & Goodwin,* for Appellant.

*C. E. McLaughlin,* for Respondent.

VANCLIEF, C.—Action of ejectment in which the judg-
ment was in favor of the defendant, and plaintiff
appeals.

The complaint is in the most general form, alleging
plaintiff's ownership and right of possession, and an
ouster and withholding of possession by defendant; and
the answer is a specific denial of all allegations of the
complaint, except as to the withholding of possession.

James Sharkey, uncle of defendant, was the owner of
the demanded premises on May 13, 1878, and plaintiff
claims title under him by a deed of conveyance of that
date, which purports to be an absolute bargain and sale
deed in consideration of six hundred dollars, the pay-
ment of which is acknowledged in the deed.

The evidence satisfactorily shows that the deed was
signed, acknowledged, and placed in the custody or pos-
session of plaintiff by James Sharkey at or about the
time of its date, where it remained until the commence-
ment of this action, a period of thirteen years.   James
Sharkey continued to reside on the land described in
the deed until December 15, 1888, when he died, and

defendant, as administrator of James Sharkey, has been in possession ever since. The plaintiff never had actual possession of the land, and never received any rent or profit therefrom. On the trial the defendant contended that the deed was never delivered to plaintiff in the sense required by law to give it effect as a conveyance of the land, for the reason that neither party ever intended that it should have such effect; and the trial court sustained this view.

1. Counsel for appellant contend that inasmuch as there is no allegation of fraud, accident, or mistake in the answer, no evidence *dehors* the deed was admissible to prove the intention with which the deed was placed in the custody or possession of plaintiff, and especially not admissible to prove that the parties did not intend that the deed should take effect according to its terms.

While it is true that the possession of a deed by the grantee is *prima facie* evidence that such deed was delivered by the grantor with intent that it should take effect according to its terms, yet such possession is not conclusive evidence of a valid delivery; and "it may be shown by parol evidence that a deed in the possession of the grantee was not delivered." (Devlin on Deeds, secs. 294, 295, and authorities there cited.)

"And even if the deed is deposited with the grantee, but for a purpose other than delivery, it would not take effect as a deed; nor can a title be derived from a deed which has not been delivered. While, therefore, it is not competent to control a deed by parol evidence where it has taken effect by delivery, it is always competent by such evidence to show that the deed, though in the grantee's hands, has never been delivered." (Washburn on Real Property, 311.)

And it is also well settled that a deed which has always remained in the hands of the grantor may be shown to have been duly delivered. Says Mr. Devlin (Devlin on Deeds, sec. 269): "Actual manual delivery and change of possession are not required in order to constitute an effectual delivery. But whether there has been a valid

delivery or not must be decided by determining what was the intention of the grantor, and by regarding the particular circumstances of the case."

In the case of *Hastings* v. *Vaughn*, 5 Cal. 316, it was said: "Delivery is a question of fact depending more upon intention than upon the mode of fulfilling the intention." In *Hibberd* v. *Smith*, 67 Cal. 547, 56 Am. Rep. 726, it was said: "The act, solemn and authentic, done in writing in form apt for the conveyance of land with signature and seal, does not take effect as a deed until delivery with intent that it shall operate. . . . . The intent with which it is delivered is all important. This restricts or enlarges the effect of the instrument." To the same effect is the case of *Denis* v. *Velati*, 96 Cal. 223. In all these cases extrinsic parol evidence was admitted to prove the intent. As strong cases to the same effect in other states see *Stewart* v. *Stewart*, 50 Wis. 445; *Knolls* v. *Barnhart*, 71 N. Y. 474.

I think, therefore, that the court did not err in admitting extrinsic evidence tending to prove that the deed was neither delivered by defendant nor accepted by plaintiff with the intent that it should take effect as a conveyance of the land.

2. Counsel for appellant contend that, even if the evidence was admissible, it was insufficient to justify the finding of the court.

It must be conceded, not only that the burden of proof was upon the defendant, but that to sustain it the proof on his part must have been strong and satisfactorily convincing; and it seems to have been so, though mostly circumstantial.

The only evidence on the part of the plaintiff in rebuttal, except his own testimony, was the testimony of James Collins as to plaintiff's character. By his own testimony he neither denied nor attempted to explain the evidence for the defense showing his assessment of the land to plaintiff as owner, nor that showing that he did not include the land in his insolvency inventory, nor did he deny any part of the testimony of Mr.

McLaughlin, but he simply denied all the material testimony of the defendant. Upon being asked why he did not set up his ownership of the land at the time McLaughlin pronounced James Sharkey's will invalid he answered: "There was several years that that deed was lost. If I had gone to work and said I owned that land by a deed and could not produce it, it would have been like many other blunders; they would have laughed at me. Therefore, I said nothing in regard to it because of the loss. It was not recorded. Very soon after I found it and got it recorded." He further testified that the deed had been lost seven years before he found it; that his little child found it in his woodshed; but that he did not notify the defendant or lay any claim to the land until three or four months after he found the deed, though he knew, before he found it, that proceedings for an administrator's sale of the land had been commenced and were pending in the probate court.

I think the judgment should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

HARRISON, J., VAN FLEET, J., FITZGERALD, J.