[S. F. No. 1388.   Department Two.—July 28, 1899.]

EZRA REED, Executor, etc., Appellant, v. ELIZABETH L. SMITH and J. D. SMITH, Respondents.

<div style="float:right">125  491<br>6137  66</div>

DEED FROM FATHER TO DAUGHTER—DELIVERY—SUPPORT OF FINDING.—The evidence reviewed, and held sufficient to support a finding that a deed of the home place from a father to his daughter was delivered to her by him during his lifetime.

ID.—MODE OF KEEPING DEED—DEMAND FOR REDELIVERY—LOSS—RECOVERY AFTER DEATH.—Such finding is not overcome by evidence that, after the delivery of the deed, it was kept in the usual manner among papers belonging to both father and daughter, which were subsequently placed together in her valise; that the father, some years thereafter, through opposition to his daughter's marriage, demanded the deed back, and that she could not find the deed or valise containing it; that, after her father's death, she did not set up a claim to the property when his will was read; and that the valise containing the deed and other papers was subsequently found, and the deed recovered by her.

ID.—JOINT OCCUPATION—ADVERSE HOLDING BY FATHER.—The fact that after the execution and delivery of the deed to his daughter, the father remained upon the home place, occupying it with her, did not constitute an adverse holding, prior to the time when he assumed a position hostile to her title.

APPEAL from a judgment of the Superior Court of Mendo-

cino County and from an order denying a new trial. J. W. Mannon, Judge.

The facts are stated in the opinion of the court.

Henry L. Ford, and J. A. Cooper, for Appellant.

The deed practically remained in the possession and control of the grantor, and was not intended to take effect until after his death, and was not therefore operative as a deed. (*Denis v. Velati*, 96 Cal. 223; *Fitch v. Bunch*, 30 Cal. 208; *Stilwell v. Hubbard*, 20 Wend. 44; *Patterson v. Snell*, 67 Me. 559; *Brown v. Brown*, 66 Me. 316-21; *Huey v. Huey*, 65 Mo. 689; *Shurtleff v. Francis*, 118 Mass. 154; *Goodlett v. Kelly*, 74 Ala. 213; *Jackson v. Leek*, 12 Wend. 107; *Fay v. Richardson*, 7 Pick. 91; *Wiggins v. Lusk*, 12 Ill. 132; *Miller v. Physick*, 24 Ark. 244; *Herbert v. Herbert*, Breese, 354; 12 Am. Dec. 192; *Fisher v. Hall*, 41 N. Y. 423; *Phillips v. Houston*, 5 Jones, 302; *Martin v. Ramsey*, 5 Humph, 349; *Jones v. Loveless*, 99 Ind. 317; *Miller v. Lullman*, 81 Mo. 311; *Jones v. Jones*, 6 Conn. 111; 16 Am. Dec. 35.) The father retained exclusive control of the premises, and paid all taxes thereon after the date of the deed; and acquired a prescriptive title as against the deed. (Code Civ. Proc., sec. 321; Civ. Code, sec. 1007; *Garabaldi v. Shattuck*, 70 Cal. 511; *Dorland v. Magilton*, 47 Cal. 485; *Johnston v. Fish*, 105 Cal. 420; 45 Am. St. Rep. 53; *Horn v. Jones*, 28 Cal. 194; *Arrington v. Liscom*, 34 Cal. 365; 94 Am. Dec. 722; *McCormack v. Silsby*, 82 Cal. 73; *Unger v. Mooney*, 63 Cal. 591; 49 Am. Rep. 100.,

T. L. Carothers, for Respondents.

The statute of limitations, or a prescriptive title, was not pleaded, and cannot be relied upon. (*Woodward v. Faris*, 109 Cal. 12.) There was no adverse possession, until after the father ceased to treat his daughter as the owner, and asserted title against her. (*Unger v. Mooney*, 63 Cal. 586; 49 Am. Rep. 100.) There is a presumption of delivery of the executed and acknowledged deed at its date. (Civ. Code, sec. 1055; *Ward v. Dougherty*, 75 Cal. 240; 7 Am. St. Rep. 151; Devlin on Deeds, sec. 294; *Bensley v. Atwill*, 12 Cal. 232; *McLennan v. McDon-*

*nell,* 78 Cal. 273.)   The proof shows a delivery, and sustains the findings.

McFARLAND, J.—This is an action to quiet title to certain lands described in the complaint.   The defendant Elizabeth is the daughter of the deceased Piercy, and the other defendant, J. D. Smith, is her husband.   Judgment went for the defendants, from which and from an order denying the motion for a new trial the plaintiff appeals.

The court found that in 1887, at which time the decedent was the owner of the premises, he made, executed, and delivered to the defendant Elizabeth a deed conveying to her the property here involved.   Such a deed, purporting to convey the property to her and dated June 21, 1887, was introduced in evidence; and it is not disputed that it was signed by the decedent, or that it was duly acknowledged before a notary public on June 28, 1887.   It is denied, however, by appellant that the deed was ever delivered to Elizabeth; and the main question, and substantially the only one in the case, is whether the finding of delivery is supported by the evidence.

The real question to be determined here is whether or not the evidence of the delivery was so slight as to require us to overturn the finding on the ground that there was no sufficient, material evidence to support it; and we cannot come to that conclusion.

Aside from the presumption which arises from the possession of a deed by the grantee, we cannot say that the testimony of the defendant Elizabeth, taken with certain declarations of the decedent, and other matters in evidence, did not warrant the court in finding the fact of delivery.   The land in contest contains about eighty-eight acres, and was the "home place" where the decedent and the defendant Elizabeth lived.   She did all the housework, and, as one of the witnesses said, did a man's work about the place, taking care of the stock, et cetera.   She testified that her father made the deed to her on July 10, 1887; that he had previously told her that he had made the deed to her; that when he came back (from a certain Fourth of July celebration) "he gave me the deed, that was on the 10th of July, 1887"; that "father handed me the

deed and stated that it would be a home for me if anything happened to him. He never said anything to me contrary until I got to going with Mr. Smith. He did not like Mr. Smith"; and that afterward the deed became lost and could not be found. She further testified that her papers and those of her father were kept together, and that the deed was first put into a trunk where both of them had papers, and was afterward put into a valise which belonged to her, but in which her father also had papers, and that afterward it could not be found. It was discovered after the father's death by the witness Alfred Cyphers in a valise in which were papers of both the defendant and the decedent, and given by the witness to his father, Dan Cyphers, who gave it to the said defendant. Plaintiff's witness, Butler, testifies that the decedent "spoke of a deed that he had made of the place, his home place, to Lizzie," and "said that he had made a deed to Lizzie of the house place because he wanted her to stay there with him"; and plaintiff's witness, Yates, testified: "I heard Mr. Piercy speak of having deeded the land to his daughter, Lizzie. It must have been six years ago." It seems that some time after the father had given the deed to his daughter—probably several years afterward, although the record throughout is very indefinite as to time—she commenced to receive attentions from the defendant, J. D. Smith, who is now her husband, and that then the father, who was much opposed to her marrying Smith, became angry with her and demanded the deed, and would not believe her when she said it could not be found.

We cannot say that the above evidence was not sufficient to warrant the court in finding that there had been a delivery. The main objection to its sufficiency is that the deed was kept where there were also some papers of the father; but that was the usual way in which she kept all her papers, and if, as she testified, her father "gave" the deed to her—"handed" it to her, put her in possession of it—the manner, as above stated, in which she afterward kept it is not sufficient to overthrow the finding of delivery. There was little else to contradict defendant's testimony. It is to be observed that the testimony of the plaintiff's witness, Mrs. Butler, is not about anything which Elizabeth said to her, but is composed entirely of what was told

her by the decedent. The fact that the defendant did not set up any claim to the property when the will was read is fully explained by her inability at that time to find the deed, and her supposition that without its production it would be useless for her to set up her claim.

Appellant's contention that he showed title by adverse possession during the statutory period of limitation cannot be maintained. Waiving the question whether one claiming title under the statute of limitations must plead it, whether plaintiff or defendant (see *Woodward v. Faris*, 109 Cal. 12), there is no evidence that the decedent held the property, claiming it as his own adversely to the defendant, during the statutory period of limitation. After he made the deed to his daughter, the mere fact that he remained on the land occupying it with her did not constitute an adverse holding as against her prior to the time when, by act or declaration, he assumed a position hostile to her title; and it nowhere appears in the record when he first assumed that hostile position.

The judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.