[L. A. No. 2579.   Department One.—December 14, 1910.]

## RAYMOND I. FOLLMER et al., Respondents, v. MARY ROHRER et al., Appellants.

DEED OF GIFT—FINDING—EVIDENCE SUSTAINING DELIVERY.—In an action by the alleged grantees of land under a deed of gift that had never been acknowledged or recorded, to establish their ownership of the land and to prove the deed so as to entitle it to be recorded, a finding that the deed had been delivered to the grantees, which was based upon the direct evidence of one of the grantees to that effect, will not be disturbed on appeal, notwithstanding evidence showing the continuance of the grantor's residence on the premises, his payment of taxes, the failure of the grantee to list the property as his for purposes of taxation, the want of any transfer or request for a transfer of insurance, and the declaration of the grantee to whom the alleged delivery was made that he never knew of the deed until after the grantor's death.

ID.—DELIVERY HOW MADE—INTENT.—A valid delivery of a deed is accomplished when the conduct and acts of a grantor manifest a present intent to dispose of the title conveyed by the deed. No particular form of delivery is necessary, but any act or thing which manifests such an intent is sufficient to establish it. It is always a question of fact, and must be determined by the circumstances surrounding each transaction.

ID.—MANUAL TRADITION—INTENT TO PASS TITLE.—To constitute delivery, manual tradition of the instrument is not enough; the transfer of possession must be with the intent of presently passing title, and must not be hampered by the reservation of any right of revocation or recall.

ID.—PROVING DEED NEITHER ACKNOWLEDGED NOR WITNESSED.—A deed, although it is neither acknowledged nor witnessed, is an instrument entitled to be proved for record, within the meaning of section 1203 of the Civil Code.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George R. Davis, Judge.

The facts are stated in the opinion of the court.

Porter, Sutton & Cruickshank, and Porter & Sutton, for Appellants.

Jones & Weller, for Respondents.

SLOSS, J.—The defendants are the heirs and devisees of
John B. Rohrer, who died in July, 1908. On October 1, 1907,
said decedent was the owner of a lot of land in the city of
Los Angeles. He signed a deed of gift bearing said last-named
date and purporting to convey the lot to the plaintiffs. The
instrument was never acknowledged or recorded, and this
action was brought to obtain a decree that the plaintiffs are
the owners of the land, and that the deed be proved so as
to entitle the same to be recorded. The complaint alleges
that the deed was executed and delivered to the plaintiffs
on the day of its date. The answer denies the delivery.
The court found in favor of the allegations of the complaint,
and gave judgment accordingly. The defendants appeal from
this judgment and from an order denying their motion for
a new trial.

The main question presented is whether the evidence sus-
tains the finding that the deed had been delivered by John
B. Rohrer to the plaintiffs. Raymond I. Follmer, one of the
plaintiffs, was a nephew of the decedent. He and the co-
plaintiff, his wife, occupied, together with the decedent, a
house situated on the lot in controversy. Follmer testified
as follows: "In the latter part of November, 1907, I came
home from my office . . . and in passing through the hall
my uncle called me and I went into the sitting-room where
he was. He was sitting at his desk. He got up and gave
me this deed and said, 'Here is a deed of gift in favor of
yourself and wife; take it and take care of it.' I looked at
the instrument and returned it to him, and he took an en-
velope from his desk and inserted it and gave it to me. I
sealed it up and put it in my pocket, and thanked him very
much as a matter of course. That is all that was said at that
time that I remember.", The witness testified further that
he kept the paper until May, 1908. During a part of this
period he had it on his person, and at other times in a safe
at the city hall or in a safe deposit box. In May his uncle
suggested that he had made his will and that it would be a
good thing to put the deed with the will. Follmer made
no objection to this, and returned the instrument to Rohrer.
The latter subsequently handed it to Mrs. Follmer, under
circumstances that need not be detailed. It appeared, fur-
ther, that the alleged grantor, Rohrer, paid the taxes on the

lot for the year 1907-8; that a sworn statement of his property, including the lot in question, bore the initials of the plaintiff Augusta H. Follmer, and was filed with the city assessor; that a similar statement of property owned by plaintiff Raymond I. Follmer, and sworn to by him on August 2, 1908, did not include the lot in question; that said plaintiff Raymond was named as executor in the will of John B. Rohrer and that in his petition for letters testamentary he described, as real property left by the decedent, the lot in question, "subject to a partially executed conveyance of said real property by John B. Rohrer, deceased, to Raymond I. Follmer and Augusta H. Follmer." There was also testimony that Follmer never asked or obtained any assignment of the fire insurance policies covering the house, that he did not during the life of the decedent mention to his wife the fact that he and she had received a gift of the property, and that, after the decedent's death, he had stated that he had no previous knowledge of the deed.

The foregoing statement includes virtually all of the testimony on the disputed issue of delivery. It will be noted that there are circumstances tending to contradict the claim of the respondents that the deed had been delivered. The continuance of the alleged grantor's residence in the house, his payment of taxes, the failure of Follmer to list the property as his for purposes of taxation, the want of any transfer or request for a transfer of insurance, the declaration of Follmer that he had known nothing of the deed—all these were facts which the trial court might well have regarded as tending to show that there had been no delivery of the deed, although some of them, at least, were not inconsistent with delivery. But, if there was also testimony which would justify an inference that a delivery *had* taken place, the testimony to the contrary did no more than to raise a conflict which was, under the established rule of this court, to be finally settled in the trial court. Follmer's statement regarding the handing of the deed to him, and the attending conversation, may well have been true, notwithstanding the admissions made by him on cross-examination. If true, it clearly supports the finding of delivery. The legal requisites of a delivery have often been stated by this court. "A valid

delivery is accomplished when the conduct and acts of a grantor manifest a present intent to dispose of the title conveyed by the deed. No particular form of delivery is necessary; but any act or thing which manifests such an intent is sufficient to establish it. It is always a question of fact, and must be determined by the circumstances surrounding each transaction." (*Kenniff* v. *Caulfield*, 140 Cal. 34, 40, [73 Pac. 803]; see, also, *Hibberd* v. *Smith,* 67 Cal. 547, [56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46]; *Denis* v. *Velati*, 96 Cal. 223, [31 Pac. 1]; *Bury* v. *Young*, 98 Cal. 446, [35 Am. St. Rep. 186, 33 Pac. 338]; *Black* v. *Sharkey,* 104 Cal. 279, [37 Pac. 939]; *Reed* v. *Smith,* 125 Cal. 491, [58 Pac. 139].) Manual tradition of the instrument is not enough; the transfer of possession must be with the intent of presently passing title, and must not be hampered by the reservation of any right of revocation or recall. As has been said, the intent of the parties is to be determined, as matter of fact, by the trial court or the jury. We entertain no doubt whatever that the testimony of Follmer justified the inference that when Rohrer handed him the deed, he did so with the intention that the title to the property, at that very moment, should pass finally and irrevocably from him to the grantees named. The appellants lay stress on the words "take care of it," and argue that they show a transfer for safekeeping only. But this is by no means a necessary construction. Taking all of the language together, the phrase in question may well be interpreted as a mere caution to exercise care with regard to an important document. The grantor said "here is a deed of gift—take it and take care of it," and the recipient "thanked him very much." This is not the conduct of people who are arranging for the mere custody of a paper.

Nor was there anything in the transaction to compel the conclusion that the grantor undertook or intended to retain the right to recall the deed. "In every case where the deed has been declared invalid by reason of failure of delivery, it will be found that the grantor reserved some rights over the instrument; that he failed to part with all control and dominion over it; that upon the happening of some event, or contingency or condition, he had the right if so disposed, to reach out and take it from the possession of the depositary." (*Bury* v. *Young*, 98 Cal. 446, [35 Am. St. Rep. 186, 33 Pac.

338].) Such a case is *Moore* v. *Trott,* 156 Cal. 353, [134 Am. St. Rep. 131, 104 Pac. 578], recently decided by this court, where the grantor's retention of the right to recall the deeds in a certain event was plainly evidenced, and for this reason it was held that no effective delivery had taken place. But the facts here are very different. So far as the testimony goes, the grantor parted absolutely with the control of the instrument.

In their closing brief, the appellants make, for the first time, the suggestion that the deed in question, being neither acknowledged nor witnessed, is not an instrument "entitled to be proved for record," and that the plaintiffs have not, therefore, shown their right, under section 1203 of the Civil Code, to a "judgment proving such instrument." This point would not affect the validity of that part of the judgment which adjudicates the plaintiffs' ownership of the property, and the defendants' want of interest therein. If this part of the judgment stands the defendants would not be helped by the elimination of the part decreeing that the deed be "adjudged to be proved so as to entitle the same to be recorded." But, apart from this, we think the case is one coming properly within the terms of section 1203. Under section 1198, "the execution of an instrument may be established by proof of the handwriting of the party and of a subscribing witness, *if there is one,* in the following cases: 1. When the parties and all the subscribing witnesses are dead; . . . ." The subscription of a witness is not necessary to the validity of a deed, and the language of the section last quoted carries the clear implication that where there is no such witness, proof of the handwriting of the party executing is sufficient.

The judgment and order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.