[Civ. No. 3768. Third Appellate District.—June 15, 1929.]

MABEL LONG, Appellant, v. F. H. SMITH, Individually and as Executor, etc., Respondent.

Dorsey Whitelaw and S. P. Williams for Appellant.

F. H. Smith and Louis Lamy for Respondent.

PRESTON (H. L.), J., *pro tem.*—Plaintiff, Mabel Long, brought this action to quiet title to four city lots situated in El Centro, California. Judgment was entered in favor of defendant, from which judgment she prosecutes this appeal.

This action involves the execution and delivery of a deed signed by the plaintiff, Mabel Long, whose name was formerly Mable Mendez, as grantor, to her sister, Anita Calhoun, as grantee.

Anita Calhoun was the original owner of the property in question, and for some time prior to her death was in ill health, suffering from tuberculosis and diabetes. She became badly involved financially and was greatly worried and harassed by her creditors. In order to prevent said property from being seized by her creditors she (Anita Calhoun) did, on the twenty-first day of April, 1925, convey the property in question by a grant, bargain and sale deed,

but without consideration, to appellant. Thereafter, and on the twenty-seventh day of July, 1925, appellant, at the request of Anita Calhoun, signed and acknowledged a grant, bargain and sale deed reconveying said real property to said Anita Calhoun. Appellant gave said last-mentioned deed to F. H. Smith, the respondent herein, who was at that time the attorney and agent of Anita Calhoun.

Anita Calhoun never parted with the management and control of said property when she made the deed to appellant in April, 1925, but remained in control of the same and collected and retained for her own use and benefit all the rents and profits therefrom until her death, which occurred July 29, 1925, and after her death the rents and profits were collected by respondent as the executor of her estate until the commencement of this action. Appellant was never in control or possession of the property in question and never demanded or received any rents or profits therefrom until this action was begun, which was some nine months after the death of Anita Calhoun.

Appellant, Mabel Long, first contends that there was no delivery of the deed which she made to Anita Calhoun on July 27, 1925.

The legal requirements to effect a valid delivery of a deed have often been stated by the Supreme Court of this state. In *Williams* v. *Kidd,* 170 Cal. 631–638 [Ann. Cas. 1916E, 703, 151 Pac. 1], the Supreme Court states the rule as follows: "It is essential to the validity of the transfer of real property that there be a delivery of the conveyance with intent to transfer the title, and the true test under which delivery is to be determined is in ascertaining whether in parting with the possession of the conveyance the grantor intended thereby to divest himself of title. If he did, there was an effective delivery of the deed. If not, there was no delivery. The solution of this question is grounded entirely on the intention of the grantor, and this essential matter of intention is a question of fact to be determined by the trial court from a consideration of all the evidence in a given case bearing upon the question." (See, also, *Bury* v. *Young,* 98 Cal. 451 [35 Am. St. Rep. 186, 33 Pac. 338]; *Kenniff* v. *Caulfield,* 140 Cal. 34 [73 Pac. 803]; *Estate of Cornelius,* 151 Cal. 552 [91 Pac. 329]; *Follmer* v. *Rohrer,* 158 Cal. 757 [112 Pac. 544]; *Reed* v. *Smith,* 125 Cal. 491 [58 Pac. 139]; *Black* v. *Sharkey,* 104 Cal. 279 [37 Pac. 939]; *Hibberd* v. *Smith,*

67 Cal. 547 [56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46]; *Denis* v. *Velati,* 96 Cal. 223 [31 Pac. 1]; *Hotaling* v. *Hotaling,* 193 Cal. 382 [56 A. L. R. 734, 224 Pac. 455]; *Blackledge* v. *McIntosh,* 85 Cal. App. 475 [259 Pac. 770].)

The testimony of appellant as to what transpired and under what circumstances she signed the deed in question and gave it to respondent, as agent and attorney of Anita Calhoun, is in direct conflict with that given by respondent and the notary public who took appellant's acknowledgment to the deed; in fact, there is little or no corroboration of any of the testimony given by appellant. No good purpose would be served by discussing the evidence in detail.

The trial court, by its findings, accepted the evidence of respondent and his witnesses, and rejected that given by appellant. A careful examination of the entire record fully satisfies us that the trial court was amply justified in so doing.

The weight and credit to be given to the testimony of the various witnesses is a matter entirely within the province of the trial court, and its findings upon conflicting evidence are conclusive, and all reasonable inferences are to be indulged in support of the findings.

We think the evidence in the case at bar, which the court accepted as true, meets all the requirements of the law, and that it fully justifies the findings of the trial court that there was a sufficient delivery of the deed in question to pass title to Anita Calhoun, and that appellant "on the 27th day of July, 1925, at the request of Anita Calhoun, . . . reconveyed the said property by her grant deed, duly made, executed and delivered to said Anita Calhoun, and duly acknowledged by said appellant, in order that said Anita Calhoun might make her will and dispose of said property by will as she might desire."

Appellant lays great stress upon several alleged facts and circumstances testified to by her to show that there was no intention on her part to deliver the deed so it would be immediately effective to transfer the title to the property. Among these facts and circumstances are: That at the time she signed the deed she did not know what she was signing; that she had no opportunity to read the deed; that she signed the paper not knowing what was to be done with it, or what effect it would have and without any intention of

conveying the property, etc. All these facts and circumstances did no more than raise a conflict in the evidence on the vital issue of the sufficiency of the delivery of the deed to pass title to Anita Calhoun, and the trial court having resolved that conflict in favor of the delivery of the deed, such findings will not be disturbed by this court where there is any substantial evidence to support it.

Appellant also contends, "that there was undue influence practiced upon her, sufficient to invalidate the deed if it was otherwise good." There is no substantial evidence in the record to support this contention, and the trial court rightfully found against appellant upon this issue.

The respondent alleged in his cross-complaint, and the court found upon uncontradicted evidence, "that on the 21st day of April, 1925, Anita Calhoun was the owner in fee simple of the property sued for and described in plaintiff's amended complaint, and on said date duly made and executed to said plaintiff a grant deed to said property, duly acknowledged . . . ; that said deed purported upon its face to convey the fee simple title to said property to plaintiff, but in truth and in fact, was made without consideration to said Anita Calhoun from plaintiff, and was intended to be only a conveyance of said property to plaintiff, to be held by her in trust for said Anita Calhoun; that said Anita Calhoun remained in full possession of said premises and exercised full control and management thereof after the execution of said deed as aforesaid up to the time of her death on the 29th of July, 1925, and collected the rents and profits thereof, and the said plaintiff exercised no right or act of ownership over said property, and on the 27th day of July, 1925, at the request of said Anita Calhoun, reconveyed the said property by her grant deed of that date, duly made, executed and delivered, to said Anita Calhoun, and duly acknowledged by said plaintiff in order that the said Anita Calhoun might make her will and dispose of said property by will as she might desire." This finding alone seems to us to be determinative of the entire case. Appellant never owned the property, but only held it in trust for her sister, and by the deed of July 27, 1925, she was merely discharging that trust.

We find no merit whatever in the appeal. The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.