[Civ. No. 18951. Second Dist., Div. Three. June 17, 1952.]

CALIFORNIA TRUST COMPANY (a Corporation), Respondent, v. JAMES L. HUGHES, Appellant.

Burke Mathes for Appellant.

Gibson, Dunn & Crutcher and Francis M. Wheat for Respondent.

SHINN, P. J.—California Trust Company, as administrator of the estate of Aloysius P. Hughes (A. P. Hughes), deceased, instituted this action to quiet title to real property in the city of Los Angeles, and for an accounting of income therefrom. Findings and judgment were in favor of plaintiff quieting its title as administrator and awarding it a money judgment against James L. Hughes in the sum of $24,680.34. By his answer, James L. Hughes, referred to as defendant, claimed title to the property and he has appealed from the judgment. The question of title is the only one involved on the appeal; the money judgment is merely incidental.

Plaintiff claims title by virtue of a deed executed October 2, 1944, by James L. Hughes to his brother, Aloysius P. Hughes. The court found that the deed was duly acknowledged by the grantor and was delivered by him to the grantee with intent on the part of the grantor to pass title to the property. The question on appeal is whether there was sufficient evidence to support this finding. It is the contention of defendant that he placed the deed in the possession of his brother conditionally, and without any intention on the part of himself or his brother that it was to be. effective as a conveyance. He gave testimony to that effect. The deed came into posses-

sion of plaintiff administrator in 1949 under circumstances to be related.

The evidence was conflicting upon the issue of legal delivery. We shall have occasion to speak of "delivery" in the sense of "manual," as distinguished from "legal" delivery. The evidence which was favorable to plaintiff's claim of title consisted of a presumption of law that the deed was delivered with intent to pass title, and the testimony of James that he delivered the deed to the grantee personally. In support of the presumption plaintiff quotes from *Dinneen* v. *Younger*, 57 Cal.App.2d 200, 204 [134 P.2d 323], as follows: "There can be no doubt that upon proof that Rose Dinneen signed and acknowledged the deed and handed the same to the grantee, the plaintiff established a prima facie case of complete execution—that is, of delivery with intent to make the grant operative immediately as a transfer of title." It is a well settled rule. The burden of proof therefore was cast upon the defendant grantor to rebut this presumption. It has been said that this may be done only by the production of clear and convincing evidence. (*Ward* v. *Dougherty*, 75 Cal. 240, 243 [17 P. 193, 7 Am.St.Rep. 151]; *Towne* v. *Towne*, 6 Cal.App. 697, 701 [92 P. 1050]; *Severn* v. *Ruhde*, 58 Cal. App.2d 704, 707 [137 P.2d 466].) Defendant does not dispute this rule, but he contends that it does not apply because the deed was delivered to A. P. Hughes more than a year prior to his death but was not recorded by him. He says that when the grantee does not record a deed it requires clear and convincing proof that it was intended to operate as a transfer of title.

 The property here involved may be referred to as the Western Avenue property. There was evidence that defendant also executed a deed in favor of A. P. Hughes to property which may be called the Long Beach property. The two deeds were acknowledged October 2, 1944, and were handed by the grantor to the grantee. There was evidence that some six months or more before his death the grantee handed to his fiancée, Ethel Toney, an envelope containing the two deeds, with instructions to "put it away." She did not know what was in the envelope until she discovered the deeds after the death of Mr. Hughes. The envelope had been in her safe deposit box. She later, through her attorney, delivered the deeds to plaintiff. Title to the Long Beach property was involved in a companion case in which James L. Hughes prevailed. That decision, however, was not upon the ground of

nondelivery of the deed to the Long Beach property to A. P. Hughes. The present case involves only the Western Avenue property.

In his testimony defendant related what he claimed to be the circumstances under which the deeds were executed and delivered. Euldene Hughes, wife of A. P. Hughes, was suing him for divorce and claiming title to both parcels of property. He testified that A. P. Hughes asked him to give him the deeds because he was negotiating with his wife for settlement of the pending divorce action and he wished to be able to transfer the property to his wife if that should become necessary in order to effect a settlement. He also testified, upon further questioning, that it was not his intention, in executing the deeds, to enable his brother to pass title to the property to his wife, and that if such transfer should become necessary new deeds would be required. He also testified that if A. P. Hughes used the deeds he was to receive a 16-unit court at 104th Street and Normandie Avenue, and another 16-unit court at 103d Street and Normandie Avenue. He testified that he received nothing for the deeds and later asked his brother for the deeds, and that the latter told him they had been destroyed.

A. P. Hughes made his will the 25th of September, 1945, after judgment had been entered in the divorce case. Ethel Toney testified that in the four days that intervened between the making of the will and Mr. Hughes' death, he asked her to tear up the deeds but she did not do so, nor did she look at them. By his will, Mr. Hughes made specific bequests of four pieces of property, but made no mention of the Western Avenue or the Long Beach parcels. Ethel Toney was named residuary legatee under the will. She made no claim to these properties. A. P. Hughes had conveyed the Western Avenue property to defendant by deed dated March 20, 1943, and had conveyed the Long Beach property to defendant by deed dated March 8, 1941. After conveying the Western Avenue property to defendant, A. P. Hughes collected the rents from it for a year or a year and a half; otherwise defendant managed and collected rents from both properties. It would serve no useful purpose to give a more extended statement of the evidence. The unconflicting evidence with respect to possession of the deed by the grantee and by plaintiff and also as to the circumstances of the delivery was sufficient to furnish substantial support for the finding that the deed was delivered with the intent on the part of the grantor that it

pass title. ▇ While acceptance is an essential part of delivery, possession of a deed by a grantee, or those holding under him, is prima facie evidence of both delivery and acceptance (*Hodoian* v. *Garabedian*, 79 Cal.App. 762, 769 [251 P. 227]). ▇ Failure of A. P. Hughes to record the deed did not establish as a matter of law that the deed was not delivered with intent to pass title. (*Merritt* v. *Rey*, 104 Cal. App. 700, 707 [286 P. 510].) It was merely a circumstance for the consideration of the trial court. The failure of recordation of a deed during the lifetime of the grantee has never been deemed a reason for not giving effect to the presumption that arises from possession of the deed by the grantee or those claiming under him. (See *Stewart* v. *Silva*, 192 Cal. 405 [221 P. 191]; *Hodoian* v. *Garabedian, supra*; *Dinneen* v. *Younger, supra*, 57 Cal.App.2d 200.) The statement in *Morgan* v. *Matthieson*, 103 Cal.App. 510, 517 [285 P. 325], that where a deed is not recorded during the lifetime of the grantee the intent to pass title must be proved by clear, unequivocal and convincing evidence, should be understood as applying to the facts of that case. It is not a rule of general application. And, in any event, it is the trial court that must be satisfied with the evidence. ▇ Reviewing courts inquire whether the evidence was substantial, not whether it was clear or convincing. (*Beeler* v. *American Trust Co.*, 24 Cal.2d 1, 7 [147 P.2d 583]; *Baines* v. *Zuieback*, 84 Cal. App.2d 483, 488 [191 P.2d 67]; cf. *J. & H. Goodwin, Ltd.* v. *Franich*, 37 Cal.App. 493 [174 P. 83].)

Defendant's entire argument is addressed to the weight of the evidence. Numerous circumstances are mentioned which tend more or less to show that A. P. Hughes did not consider himself to be the owner of the Western Avenue property; he allowed defendant to manage it and collect the rents and mentioned neither the Western Avenue nor the Long Beach property in his will. There was testimony that he told Ethel Toney to tear up the deeds. Defendant claims the court ignored this testimony, which, of course, the court could have disbelieved. But these were only circumstances which were addressed to the trial judge. That they were given thoughtful consideration clearly appears from the court's memorandum decision contained in the clerk's transcript. It states that the court found no evidence which was in conflict with the presumption of complete delivery, but that, upon the contrary, the testimony of the defendant served to confirm the presump-

tion of delivery; that if, as defendant testified, he gave the deeds to his brother to enable the latter to convey title, if necessary, to effect a property settlement, it was clear that he intended the deeds to be effective, and if there was a condition attached to the use of the deeds it was one that could not detract from the effectiveness of the delivery.

■ The court properly applied the rule of section 1056 of the Civil Code, which reads: "A grant cannot be delivered to the grantee conditionally. Delivery to him, or to his agent as such, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery was made." Under this rule, the delivery of the deed to A. P. Hughes, with no condition expressed therein, was absolute and free from any expressed qualification that it was to be used only for a particular purpose. (*Stewart* v. *Silva, supra,* 192 Cal. 405, 410; *Bias* v. *Reed,* 169 Cal. 33, 44 [145 P. 516]; *Blackledge* v. *McIntosh,* 85 Cal.App. 475, 482 [259 P. 770]; *Hodoian* v. *Garabedian, supra,* 79 Cal.App. 762, 769; *Weldon* v. *Lawrence,* 76 Cal.App. 530, 535 [245 P. 451].)

■ Defendant asserts that A. P. Hughes in the trial of his divorce case testified that he, defendant, owned the Western Avenue property and that although the deed in question was executed before the divorce case was decided, A. P. Hughes did not inform the court of that fact. It is claimed that plaintiff administrator is estopped by this testimony to claim title under the deed. No estoppel was pleaded nor was there any evidence that defendant relied or acted upon the testimony allegedly given by A. P. Hughes. No facts were misrepresented to defendant, nor was he shown to have been in ignorance of any facts which would have had a bearing upon his actions and intentions in executing the deed. There is no basis for the claim of estoppel.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied July 3, 1952, and appellant's petition for a hearing by the Supreme Court was denied August 14, 1952.