[Civ. No. 18120. First Dist., Div. Two. Jan. 22, 1959.]

RENO J. BELLI, as Special Administrator, etc., Plaintiff and Respondent, v. ANTHONY BONAVIA, Appellant; LEON BELLI, SR., as Administrator, etc., Defendant and Respondent.

Ferrari & Ferrari for Appellant.

Joseph L. Casalnuovo for Plaintiff and Respondent.

Charles P. Molinari for Defendant and Respondent.

KAUFMAN, P. J.—Plaintiff, Reno Belli, as special administrator of the estate of Caterina Bonavia, commenced this action to quiet title to an improved parcel of real property at 1730-32 Filbert Street in San Francisco, and to certain shares of stock, and for an accounting of rentals and dividends. Defendant, Leon Belli, Sr., administrator of the estate of Anita Belli, answered and cross-complained to quiet title to the real property and asked for an accounting of the rentals from the real property by the defendant and cross-defendant Anthony Bonavia. Anthony Bonavia answered and asserted complete ownership of the real property under a deed dated September 1954, and complete ownership of the stock. The court below found that by reason of a deed dated August 19, 1933, Anita Belli and Anthony Bonavia each owned an undivided one-half interest in fee in the real property, and that Anthony Bonavia owned the shares of stock. The sole issue on appeal is the validity of the deeds to the Filbert Street property.

On appeal, Anthony Bonavia contends that: (1) The 1933 deed was not delivered with the intent to pass present title, but with the intention that title should not pass until the death of the grantor; (2) The evidence was insufficient to support the trial court's finding that the 1954 deed was invalid because the grantor lacked mental capacity to execute

the deed and because it was the result of the undue influence of Anthony Bonavia; (3) Even if the 1933 deed was validly delivered and passed title, such title was lost by the continuous adverse possession of the grantor from 1933 to 1954.

The estate of Caterina Bonavia argues that as Anthony Bonavia did not accept his interest under the 1933 deed and the law does not force anyone to take title to real property against his will, it is proper for this court to reverse the finding of the court below as to the one-half interest of Anthony Bonavia and hold that the estate of Caterina Bonavia is the owner thereof.

Caterina Bonavia, the mother of Anthony Bonavia and Anita Belli, was the owner of the property at 1730-1732 Filbert Street. On August 19, 1933, Caterina Bonavia executed and acknowledged a deed of gift to her two children, Anita and Anthony. The deed was signed and delivered and acknowledged in the presence of Anita Belli, her husband Leon Belli, Sr., Rosa Curlo and a notary public, Joseph Pensa, the entire transaction taking place in the office of Mr. Pensa. Anita accepted the deed, and she and her husband deposited it in their safe deposit box. Anthony testified that neither his sister nor his mother ever mentioned the 1933 deed to him and that he never accepted it.

After the 1933 deed, as before, Caterina Bonavia continued to live on the Filbert Street property which consisted of an improved lot with two cottages. Anita helped her in the management of the property by paying taxes, collecting rents, calling repairmen, etc. The expenses were paid indirectly by Caterina who received the benefit of the rents. Insurance was carried in the name of Caterina Bonavia. In the early 1940's, Anthony Bonavia moved in with his mother. Anita Belli died on July 13, 1941, survived by her sons, Reno Belli (plaintiff herein) and Leon Belli, Jr., and her husband Leon Belli, Sr. The 1933 deed was not recorded until after the death of Caterina Bonavia in 1954.

On April 16, 1953, Anthony Bonavia went to the city hall in San Francisco, and asked a Mr. Howard to draw up a gift deed granting the Filbert Street property to Anthony. Anthony took the deed home and placed it away until September 30, 1954, when his mother told him that she was ready to sign it. Anthony called Mr. Colapietro, a notary public, and another witness to acknowledge the deed. Caterina was taken out of bed and propped up at a desk and chair to sign the deed. The entire transaction took only three to five min-

utes. Caterina Bonavia died a few days later on October 4, 1954. She was 87 years old. The cause of death was coronary thrombosis. For several months before her death, Caterina had been ill and failing. One week before her death, a close friend moved to the rear cottage on the property to take care of Caterina. Caterina had been unable to manage her own affairs. Anthony managed her affairs from 1952 on. Several witnesses testified that during the period before her death, Caterina was listless, forgetful and unresponsive and otherwise showed signs of advancing age and senility.

As to appellant Anthony Bonavia's first contention that the 1933 deed was not delivered with the intent to pass present title, the record reveals ample evidence to substantiate the trial court's finding to the contrary. (Civ. Code, § 1054; *Osborn* v. *Osborn*, 42 Cal.2d 358 [267 P.2d 333]; *Hitch* v. *Hitch*, 24 Cal.App.2d 291 [74 P.2d 1098].) When she executed the deed, Caterina gave the deed to Anita and said, "Take this." Anita accepted the deed and placed it in a safe deposit box where it remained until her death in 1941. At the time of Anita's death, Leon Belli, Sr. had forgotten about the 1933 deed. He removed all the documents from the safe deposit box and kept them in his possession. Thus, Anita Belli had possession of the deed from 1933 until her death in 1941. After her death, her husband continued to hold it with his other papers.

A presumption of delivery arises from the possession of the deed by the grantee. (*Stewart* v. *Silva*, 192 Cal. 405 [221 P. 191]; *Severn* v. *Ruhde*, 58 Cal.App.2d 704 [137 P.2d 466].) There is a further presumption that the delivery took place at the time of execution. (Civ. Code, § 1055; *Marple* v. *Jackson*, 184 Cal. 411 [193 P. 940].) These presumptions are applicable even if the deed is not recorded until after the death of the grantor, who in the meantime exercises acts of control over the property by collecting rent, paying insurance in his own name, etc. (*Merritt* v. *Rey*, 104 Cal.App. 700 [286 P. 510]; *Shaver* v. *Canfield*, 21 Cal.App.2d 734 [70 P.2d 507]; *Drummond* v. *Drummond*, 39 Cal.App.2d 418 [103 P.2d 217]; *Estate of Schmidt*, 49 Cal.App.2d 86 [121 P.2d 104]; *Lewis* v. *Burns*, 122 Cal. 358 [55 P. 132]; *Lewis* v. *Brown*, 22 Cal.App. 38 [133 P. 331].)

Possession of the deed by the grantee also creates prima facie evidence of valid delivery. (*Labadie* v. *Labadie*, 57 Cal.App.2d 456 [134 P.2d 858].) Once a prima facie case is made out, or the presumption established, the

burden shifts to the party attacking the validity of the deed. (*California Trust Co.* v. *Hughes,* 111 Cal.App.2d 717 [245 P.2d 374].) "Nothing but the most satisfactory evidence of non-delivery should prevail against the presumptions." (*Stewart* v. *Silva,* 192 Cal. 405 [221 P. 191].) Payment of taxes and keeping up insurance by the grantor are consistent with the intent to pass title. (*Hitch* v. *Hitch* 24 Cal.App. 2d 291 [74 P.2d 1098].) The validity of the document is not affected by the failure to record or change possession. (*Knox* v. *Kearney,* 40 Cal.App. 290 [180 P. 661].) The fact that one of the grantees has no knowledge of the deed or intent to pass present title, has no bearing on the grantor's intent to divest himself of title. (*Green* v. *Skinner,* 185 Cal. 435 [197 P. 60].) Delivery to one joint owner is delivery to both. (*Smith* v. *Lombard,* 201 Cal. 518 [258 P. 55]; *Eshleman* v. *Henrietta Vineyard Co.,* 102 Cal. 199 [36 P. 579].) Acceptance is presumed where a grant is beneficial, even where a grantee has no knowledge of the deed. (*Estate of Kalt,* 16 Cal.2d 807 [108 P.2d 401, 138 A.L.R. 1424]; *Smith* v. *Lombard,* 201 Cal. 518 [258 P. 55]; *Herman* v. *Mortensen,* 72 Cal.App.2d 413 [164 P.2d 551].)

 As to appellant Anthony Bonavia's contention relating to the validity of the 1954 deed, there was sufficient evidence to sustain the trial court's finding that Caterina Bonavia was incompetent and that the deed was executed by reason of Anthony Bonavia's undue influence. Appellant Anthony Bonavia makes much of the conflicts between his testimony and that of the other witnesses. On appeal, all conflicts must be resolved in favor of the conclusion reached below. (*Ahern* v. *S. H. Kress & Co.,* 97 Cal.App.2d 691 [218 P.2d 108].) There is uncontroverted evidence that at the time of the 1954 deed, Caterina Bonavia no longer recalled whom her family consisted of and what persons had claim upon her bounty. (*Estate of Dunne,* 130 Cal.App.2d 216 [278 P.2d 733].) The doctor testified that Caterina was in a semi-comatose condition for the period of time before her death. She had to be propped up in order to sign the deed. On the evidence presented, the trial court was justified in finding that Caterina Bonavia was generally mentally incompetent by reason of illness, old age and increasing senility. (*Hughes* v. *Grandy,* 78 Cal.App.2d 555 [177 P.2d 939].)

The evidence also established a confidential relationship between Anthony Bonavia and his mother. He made and withdrew deposits from a joint bank account, cashed her

dividend checks, and paid taxes and necessary expenses. His activity in the preparation of the 1954 deed is discussed above. A presumption of undue influence arises from the proof of existence of a confidential relationship between the grantor and grantee, coupled with activity on the part of the grantee in the preparation of the document. (*Estate of White,* 128 Cal.App.2d 659 [276 P.2d 11] ; see also *Nobles* v. *Hutton,* 7 Cal.App. 14 [93 P. 289] ; *Hughes* v. *Grandy, supra,* and *Estate of Abert,* 91 Cal.App.2d 50 [204 P.2d 347].)

 As to appellant Anthony Bonavia's final argument relating to adverse possession, there is no evidence of adverse possession by Caterina Bonavia after 1933. Her occupation is presumed to be subordinate to the legal title. (Code Civ. Proc., § 321.) If a grantor is to acquire title by adverse possession against his own conveyance, a disclaimer by an assertion of adverse title with notice to the owners is necessary. (*Madden* v. *Alpha Hardware & Supply Co.,* 128 Cal. App.2d 72 [274 P.2d 705] ; *Oglesby* v. *Hollister,* 76 Cal. 136 [18 P. 146, 9 Am.St.Rep. 177].) The evidence indicates that there was always a close and affectionate relationship between Caterina Bonavia and her two children, her son-in-law, Leon Belli, Sr., and her grandsons. In family transactions, possession, payment of taxes, management of the property are all consistent with the legal title . (*Merritt* v. *Rey,* 104 Cal.App. 700 [286 P. 510] ; *Tully* v. *Tully,* 137 Cal. 60 [69 P. 700] ; *Reed* v. *Smith,* 125 Cal. 491 [58 P. 139] ; *Allen* v. *Allen,* 159 Cal. 197 [113 P. 160].) In the somewhat similar case of *Merritt* v. *Rey, supra,* the grantor lived on the property for 17 years after the execution and delivery of the deed, mortgaged the property in her own name, paid taxes, repairs, expenses and insurance, and was repaid by income from the property.

 We turn now to the sole contention on appeal made by the estate of Caterina Bonavia. The estate argues that since Anthony Bonavia never accepted his interest under the 1933 deed and subsequently disclaimed it in open court, it is proper for this court to reverse the lower court's finding as to one-half interest of Anthony Bonavia and hold that the estate of Caterina is the owner thereof. As we have pointed out above, acceptance of benefits will be presumed and knowledge of the grantee is not essential in a situation such as this one. The intention with which a grantor puts a deed in the hands of a third person is a question of fact

to be determined from all the circumstances surrounding the transaction. (*Hotaling* v. *Hotaling*, 193 Cal. 368 [224 P. 455, 56 A.L.R. 734]; *Kimbro* v. *Kimbro*, 199 Cal. 344 [249 P. 180].) ▮▮▮ As we stated above, the record supports the finding of the trial court that the 1933 deed was delivered with intent to pass title at that time. Nor can we attach a great deal of significance to Anthony Bonavia's disclaimer of the 1933 deed in open court during the course of this litigation, in which he based his position on the validity of the 1954 deed.

We conclude that the judgment finds ample support in the record before us.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.