[Civ. No. 2045. First Appellate District.—May 18, 1917.]

GEORGE ELWYN WILLATS et al., Respondents, v. PAUL H. BOSWORTH, Appellant.

CONSTRUCTIVE TRUST—CONVEYANCE OF REAL PROPERTY—ORAL PROMISE TO HOLD IN TRUST.—Where a person being on her deathbed and desiring that her property should be devoted to the maintenance and support of her grandchildren, and having the fullest confidence in the integrity of her son, executes and delivers to him a deed absolute in form to the property upon his oral agreement that he would hold the property in trust for the benefit of such grandchildren, and for the purposes specifically to be set forth in a declaration of trust to be thereafter prepared and signed by him, a constructive trust is created in favor of such grandchildren.

ID.—DECLARATION OF TRUST—DEFINITENESS AS TO TERMS.—A written declaration of trust drawn by the trustee himself, is not void for indefiniteness, where the fact that it is intended to be such a declaration clearly appears, the beneficiaries named, the property described, the duties of the trustee in collection of rents and care of property defined, and the distribution of the proceeds of the property in event of its sale provided for.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

McClellan & McClellan, for Appellant.

William F. Herron, for Respondents.

RICHARDS, J.—This is an action brought to establish a trust in real estate, and to remove the trustee for alleged violations of the terms and duties of his trust. The answer of the defendants admitted the substantial facts attending the creation of the trust, but upon the trial of the cause, and upon this appeal, the defendants there and the appellant here deny the sufficiency of those facts to accomplish the creation of a trust, and assert absolute ownership of the premises in question in the defendant Paul H. Bosworth. The trial court found in favor of the plaintiffs and entered its judgment establishing the trust and removing said Paul H. Bosworth as trustee thereof for culpable misconduct in the management of the trust, and appointing another trustee, and directing the execution of a deed to the premises covered by the trust on the part of said Bosworth to the new trustee. From such judgment the defendant Paul H. Bosworth prosecutes this appeal.

The only point urged by the appellant upon this appeal is that of the insufficiency of the evidence to justify the findings and judgment of the trial court.

The facts of the case are these: Virginia W. Bosworth was on and prior to the eighteenth day of October, 1911, the owner of the premises in question. She was the mother of Paul H. Bosworth, and grandmother of the plaintiffs, and also of the defendant Virginia Bosworth, a minor, the latter being the daughter of said Paul H. Bosworth. On said eighteenth day of October, 1911, being on her deathbed, and desiring that her said property should be devoted to the maintenance and support of her said grandchildren, and having the fullest confidence in the integrity of her son, Paul H. Bosworth, she executed and delivered to him a deed absolute in form to the premises in question, and said Paul H. Bosworth then and there orally agreed and promised that he would hold said real estate in trust for the benefit of the said grandchildren of his dying mother, and for the purposes specifically to be set forth in a declaration of trust to be thereafter prepared and signed by him. Shortly thereafter said Paul H. Bosworth did prepare and execute a purported declaration of trust.

Upon the trial of the cause practically all of the foregoing facts were admitted by said Bosworth, who then asserted, and undertook to prove, a set of facts tending to show that he had not acted in violation of the terms of his trust. Upon this appeal, however, the appellant contends that the trust itself

was invalid for two reasons: First, that the oral declaration of trust made at the time of the execution of the deed to said Bosworth by his mother was void because not in writing, as required by the sections of the Civil Code relating to express trusts; and, second, that the declaration of trust thereafter prepared and signed by him was too indefinite in its terms for enforcement in a court of equity.

There is no merit in either of these contentions. So far as the case rested—if it was required to rest at all—upon the trust arising out of the oral promises of the appellant, the case would come clearly within the line of authorities relating to constructive trusts arising out of the fraud of the trustee in his attempted renunciation of the terms of his oral trust, among which are the following cases: *Brison* v. *Brison,* 75 Cal. 525, 527, [7 Am. St. Rep. 189, 17 Pac. 689]; *Lauricella* v. *Lauricella,* 161 Cal. 61, [118 Pac. 430]; *Bradley Co.* v. *Bradley,* 165 Cal. 237, [131 Pac. 750]; *Lamb* v. *Lamb,* 171 Cal. 577, [153 Pac. 913]. The trust thus constructively arising would have been valid and enforceable in a court of equity had the appellant herein made no other or written declaration of the fact and terms of his trust. The court finds, however, that the appellant did in fact make a declaration of trust shortly after the receipt of the deed from his mother to the premises in question.

The appellant contends that this declaration of trust was void for indefiniteness in its terms. The evidence showed, and the court found, that this written declaration of trust was drawn by the trustee himself, and this fact furnishes an added reason for the application of the well-known rule of construction that written instruments are to be construed most strongly against their maker. Whatever of indefiniteness appears in this declaration of trust was created by the trustee himself; but, regardless of this fact, an inspection of the writing will show that there is no such indefiniteness in its terms as would suffice to defeat it. The fact that it is intended to be a declaration of trust expressly appears; the beneficiaries are named; the property is described; the duties of the trustee in the matter of the collection of rents and care of the property are defined; and, in the event of a sale of the property by the trustee, the distribution of the proceeds among the beneficiaries share and share alike is provided for. It is true that the trustee is not expressly authorized to make a sale of the

premises, but such is the clear implication of the writing. It is true also that the term of the trust is not stated, but this also would arise by necessary implication from the provision relating to the distribution by the trustee of the trust property upon its sale.

It follows that the findings of the court as to the existence and validity of the trust are fully sustained, as are also the findings of the court relating to the violation of its terms by the trustee.

The judgment was therefore supported by the proofs and findings in the case.

Judgment affirmed.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 16, 1917.