[L. A. No. 8357. In Bank.—June 30, 1927.]

D. B. SMITH, as Executor of the Will of MARY E. SCOTT, Deceased, etc., Plaintiff, Cross-Defendant, and Appellant, v. CHARLES E. LOMBARD, Defendant, Cross-Complainant, and Respondent; M. E. DODSON, Defendant.

A. C. MAPLE, Plaintiff in Intervention and Appellant, v. D. B. SMITH, as Executor of the Will of MARY E. SCOTT, Deceased, etc., and CHARLES E. LOMBARD, Defendants in Intervention and Respondents.

[1] HUSBAND AND WIFE — TRANSACTIONS BETWEEN — UNDUE INFLUENCE — EVIDENCE. — In transactions between husband and wife whereby the former gains an advantage, a presumption of undue influence arises, but the presumption is disputable and may be overcome by proof of a full and fair disclosure of all that the wife should know for her benefit and protection concerning the nature and effect of the transaction; and the ultimate fact to be determined in this class of cases is whether the act was induced by such influence, the fact being taken for granted *prima facie* where it appears that the husband gained an advantage by means of the transaction.

[2] ID. — INDEPENDENT ADVICE. — In a transaction between husband and wife the fact that independent advice to the wife is lacking does not render immaterial all other facts, however cogent their tendency to negative the presumption of undue influence on the wife, or to compel the conclusion that a finding contrary to the presumption of undue influence cannot be supported by proof other than that of independent advice.

---

1. Presumption of coercion by husband, note, 106 **Am. St. Rep.** 725. See, also, 13 **Cal. Jur.** 862; 10 **Cal. Jur.** 756; 13 **R. C. L.** 1367. Conveyances and transactions between husband and wife, note, 99 **Am. Dec.** 599.

[3] ID.—VALIDITY OF CONVEYANCES—SUFFICIENCY OF EVIDENCE.—Although it appears that the attorney who prepared certain conveyances from a wife to her husband had been consulted by the husband in previous transactions, a finding of the court that in the instant case he was acting for both, and that he was employed at the instance and request of the wife; that the latter was fully advised as to the nature of the transaction and fully understood the purpose and legal effect of the instruments in question; that their execution was the result of an idea conceived by her and not the result of any suggestions or act on the part of her husband or the attorney, and that she freely and voluntarily executed and delivered the conveyances, is supported by the evidence in this case, notwithstanding the lack of advice other than that given by the attorney to the wife as herein mentioned, and was sufficient to overcome the presumption of undue influence.

[4] ID.—EVIDENCE — INFERENCE — CONFLICTING EVIDENCE—FINDINGS.—In such a case, although inferences supporting the conclusion that the conveyances in question were executed by the wife without the intention to pass the title to the property involved and that the transaction was in effect an attempt to make a testamentary disposition of her interest in the property might have been drawn from the evidence, where the conclusion of the trial court that it was her intention to part with title to the property in order to carry out her plan to create a joint tenancy therein with her husband finds support from the evidence, the finding cannot be disturbed on appeal.

[5] ID.—CREATION OF JOINT TENANCY—DELIVERY OF DEED—PRESUMPTION. — Where a wife, for the purpose of severing a previous joint tenancy in property and creating a joint tenancy therein between herself and husband, conveyed it to a third party, who in turn deeded it to her and her husband as joint tenants, her transfer to the third person could not, in the absence of fraud, mistake, or undue influence, have been revoked by her without the consent of her husband, and her refusal to accept delivery of the conveyances from the third person, or the failure of the latter to make such delivery, would not deprive her husband of his rights as a beneficiary, or of his remedy in equity for their enforcement.

[6] ID.—DEED—DELIVERY TO JOINT OWNER.—The delivery of a deed to one of two persons who in equity are joint owners is a delivery to both.

---

4.  See 2 Cal. Jur. 921.
6.  See 8 R. C. L. 983.

[7] ID. — EVIDENCE — LOSS OF MEMORANDUM — PROOF OF CONTENTS.—
There is no error in permitting a witness to testify, over objec-
tions that its loss has not been shown, to the contents of a memo-
randum which, according to the testimony of the witness, was
written and delivered to him by his wife and at her request de-
livered to her attorney, the witness testifying that he had not
seen the paper since its delivery to the latter and the latter tes-
tifying that he had made search therefor without success.

[8] NEW TRIAL — NEWLY DISCOVERED EVIDENCE — CUMULATIVE EVI-
DENCE. — A motion for a new trial on the ground of newly
discovered evidence is properly denied where it is shown by the
affidavit of the witness upon whose testimony the moving party
relies that she was without knowledge of any of the facts of
the transaction in question other than as related to her by the
person through whom one of the parties claims his rights, several
weeks after the event, and that her testimony as to other facts
within her personal knowledge would have been cumulative.

[9] TRANSFER — CONSIDERATION — ORAL AGREEMENT — TRUST — CON-
FIDENTIAL RELATION — EVIDENCE. — Where an owner of property
transferred it to a third party for the purpose of having the
latter transfer it to himself, his wife, and his daughter in joint
tenancy with right of survivorship, evidence that the only con-
sideration for the transfer to the daughter was the agreement
on her part that her parents should retain, during their lifetime,
the exclusive possession and use of said property, and that the
daughter should only succeed to the possession, use, and owner-
ship in case she survived both her parents, showed a confidential
relation between the parties and was competent as tending to
prove a trust in favor of the mother and father, and upon the
death of the father, in favor of the mother alone; and in an
action to quiet title by the husband of the deceased daughter
to an interest in the property claimed to have been acquired by
him by conveyance from his wife, it was error to reject such
proffered evidence.

---

(1) 30 C. J., p. 673, n. 29.   (2) 30 C. J., p. 673, n. 29.   (3) 30
C. J., p. 673, n. 29, p. 696, n. 73.   (4) 4 C. J., p. 877, n. 80.   (5) 30
C. J., p. 695, n. 47 New; 33 C. J., p. 908, n. 11.   (6) 18 C. J., p. 212,
n. 49, p. 414, n. 1.   (7) 4 C. J., p. 985, n. 75.   (8) 29 Cyc., p. 911,
n. 94.   (9) 4 C. J., p. 1194, n. 86; 32 Cyc., p. 1374, n. 29; 39 Cyc.,
p. 62, n. 48, p. 81, n. 52.

7. See 10 Cal. Jur. 851; 10 R. C. L. 93, 911.

8. Cumulative evidence as ground for new trial in civil cases,
note, L. R. A. 1916C, 1162. See, also, 20 Cal. Jur. 90, 92, 94; 20
R. C. L. 295.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed in part and reversed in part.

The facts are stated in the opinion of the court.

McAdoo, Neblett & O'Connor, Frank G. Swain, Henry G. Bodkin, Wm. H. Neblett and W. A. Keleher for Appellant D. B. Smith, as Executor, etc.

Flint & MacKay and Robert B. Jackson for Appellant A. C. Maple.

William Ellis Lady for Respondents.

CURTIS, J.—This appeal was originally heard by the district court of appeal, first appellate district, first division, and thereafter a petition for a hearing in this court was made by appellant. Upon the consideration of this petition, we were not satisfied with that portion of the opinion dealing with the refusal of the trial court to permit appellant to prove the allegations of the second separate defense of the second amended answer of appellant, Mary E. Scott, to the cross-complaint of Charles E. Lombard; and, for that reason, we granted said petition. No objection was then entertained to that portion of said decision, as prepared by Mr. Justice Cashin, dealing with the other questions considered therein. We are still of the opinion that such portion of the decision contained a correct exposition of the law, and we approve and adopt the same, which is as follows:

"An action to quiet title to certain real estate and personal property was brought by Mary E. Scott against Charles E. Lombard, the surviving husband of Dolle Scott Lombard, deceased, and M. E. Dodson, in which A. C. Maple, as administrator with the will annexed of the estate of the deceased, intervened. Mary E. Scott, following the entry of judgment in the action, died and D. B. Smith, as executor of her last will and testament, was substituted as a party thereto. The original plaintiff was the wife of Rial Scott, who died prior to the events which led to the instant action, and Dolle Scott Lombard was their daughter. At the commencement of the trial the parties stipulated as follows:

'That on or about May 27, 1915, the real estate described in the complaint was owned by Rial Scott, who was the husband of plaintiff Mary E. Scott and the father of Dolle Scott Lombard; that on or about the 27th day of May, 1915, Rial Scott and Mary E. Scott, his wife, conveyed this real estate to A. C. Maple, who in turn reconveyed it on or about the same date to Rial Scott, Mary E. Scott and to Dolle Scott, she being then unmarried, as joint tenants with right of survivorship; that Rial Scott on or about April 8, 1921, died, whereupon Mary E. Scott and Dolle Scott (hereinafter called Dolle Scott Lombard) obtained by right of survivorship the entire interest in the said real estate, and that they held the record title to said property as joint tenants with right of survivorship on December 29, 1922; that Dolle Scott is the same person as Dolle Scott Lombard, and that she died on March 9, 1923; that the record title to all of the personal property described in the complaint herein was on the 29th day of December, 1922, in the names of Mary E. Scott and Dolle Scott Lombard as joint tenants; that the Edison stock described in the complaint was first issued in the name of Rial Scott and Mary E. Scott as joint tenants with right of survivorship, and that after the death of Rial Scott on or about the 23rd day of April, 1921, it was transferred by Mary E. Scott, who was then the sole owner thereof by right of her survivorship of Rial Scott, to herself and Dolle Scott Lombard as joint tenants with rights of survivorship.'

"In addition to the answers of defendants Dodson and Lombard the latter filed a cross-complaint alleging title in himself to an undivided one-half interest in the real property and an interest to the same extent in the personal property by virtue of certain conveyances executed prior to the death of his wife. To this pleading the plaintiff answered denying the execution of the alleged conveyances by Dolle Scott Lombard, and alleging in substance that the latter was mentally incompetent, and that her signatures thereto were obtained by the exercise of undue influence by defendant Lombard.

"In addition to the foregoing the answer to the cross-complaint as a separate defense alleged that at the time of the transaction mentioned in the stipulation by which the

Scotts and their daughter became joint tenants in the real property the latter, in consideration of the transfer, agreed that during the lives of her parents they or either of them should remain in possession, collect and expend the income therefrom, and that the daughter should not have an interest therein or the right to the possession thereof unless she survived both her parents; that Mary E. Scott, following the death of her husband, continued in the possession and control of the property, collecting and expending the income, and that defendant Lombard at all times had notice and knowledge of the agreement and the acts of plaintiff thereunder. The plaintiff in intervention alleged title in the estate of Dolle Scott Lombard to an undivided interest in the property described in the original complaint, and sought to quiet the title thereto as against the other parties to the action.

"The court found that Dolle Scott Lombard transferred to defendant Dodson her interest in the real and personal property mentioned and that the latter in turn conveyed this interest of Dolle Scott Lombard and defendant Lombard, her husband, as joint tenants with right of survivorship, and, further, that Dolle Scott Lombard at the time of her execution of the transfers mentioned was competent; that the transfers were freely and voluntarily made and were not induced by fraud or undue influence.

"Judgment was entered on the findings adjudging defendant Lombard to be the owner of an undivided one-half interest in the property in common with the original plaintiff, and entitled to an accounting from the latter for one-half of the income received therefrom since the death of Dolle Scott Lombard, and that the intervener take nothing by his complaint.

"Following the denial of motions for a new trial made by them, appeals from the judgment were taken by Mary E. Scott and the intervener and are presented on the judgment roll with a bill of exceptions.

"The grounds for reversal urged are the rulings of the court in admitting and rejecting offered testimony, insufficiency of the evidence to sustain certain findings and the denial of the motion for a new trial.

"It is conceded by appellants that the evidence as to the competency of Mrs. Lombard to execute the instruments in

question being conflicting, the findings on that issue cannot be disturbed; but it is urged that the respondent having gained an advantage by their execution it was incumbent upon him, in order to overcome the presumption of undue influence and as a condition precedent to their admission in evidence, to show that his wife had independent advice, and that in the absence of such advice the finding against the allegations of undue influence cannot be sustained, citing in support of their contention the following cases: *Ross* v. *Conway,* 92 Cal. 632 [28 Pac. 785]; *Cox* v. *Schnerr,* 172 Cal. 371 [156 Pac. 509]; *Piercy* v. *Piercy,* 18 Cal. App. 751 [124 Pac. 561]; *Hilton* v. *Hilton,* 54 Cal. App. 142 [201 Pac. 337].

[1] "It is the rule that in transactions between husband and wife whereby the former gains an advantage a presumption of undue influence arises (Civ. Code, Sec. 2235), but the presumption is disputable and may be overcome by proof of a full and fair disclosure of all that the wife should know for her benefit and protection concerning the nature and effect of the transaction (*Estate of Cover,* 188 Cal. 133 [204 Pac. 583]).

"The ultimate fact to be determined in this class of cases is whether the act was induced by such influence, the fact being taken for granted *prima facie* where it appears that the husband gained an advantage by means of the transaction.

"In the cases relied upon by appellants the findings were fully sustained by evidence other than that of a lack of independent advice, the latter fact being but one of the circumstances leading to the conclusion that the acts in question were induced by undue influence.

[2] "Notwithstanding the expressions in the opinions cited which support the contention that proof of independent advice is indispensable it is clear that it was not the intention to adopt a rule which, in cases where such proof is lacking, would render immaterial all other facts however cogent their tendency to negative the presumption, or to decide that a finding contrary to the presumption cannot be supported by proof other than that of independent advice. (*Broaddus* v. *James,* 13 Cal. App. 464 [110 Pac. 158].)

[3] "While it appears that the attorney who prepared the conveyances had been consulted by respondent in previous

transactions, the court found that in the instant case he was acting for both, and that he was employed at the instance and request of Mrs. Lombard; that the latter was fully advised as to the nature of the transaction and fully understood the purpose and legal effect of the instruments here in question; that their execution was the result of an idea conceived by her and not the result of any suggestion or act on the part of her husband or the attorney, and, further, that she freely and voluntarily executed and delivered the conveyances.

"The conclusions of the trial court were supported by evidence which, notwithstanding the lack of advice other than that given by the attorney mentioned, was in our opinion sufficient to overcome the presumption.

[4] "It is further contended that the evidence fails to support the finding that the conveyances were executed by Mrs. Lombard with the intention that the title should pass, and that the transaction was in effect an attempt to make a testamentary dispostion of her interest in the property.

"While inferences supporting this conclusion might have been drawn from the evidence, the conclusion of the court that it was her intention to part with the title to the property in order to carry out her plan to create a joint tenancy therein with her husband finds support from the evidence, and cannot be disturbed. (*Waer* v. *Waer*, 189 Cal. 178 [207 Pac. 891].)

[5] "Defendant Dodson, following the execution of the conveyances by Mrs. Lombard, signed and acknowledged deeds in terms conveying the same property to the latter and to her husband as joint tenants with the right of survivorship. These instruments were delivered to the attorney above mentioned for the use of the grantees, and remained in his possession until March 7, 1923, on which date these deeds affecting the real property were recorded.

"Appellants contend that the latter's assent to a delivery to the attorney was not shown and that the act of Dodson was consequently ineffectual to create a joint tenancy as between Mrs. Lombard and respondent.

"The object of Mrs. Lombard was to sever the original joint tenancy, which was accomplished by the transfer of her interest to Dodson (*Green* v. *Skinner*, 185 Cal. 435 [197

Pac. 60]), and to create therein a joint tenancy between herself and respondent by means of transfers from Dodson, the latter assuming the duty as trustee to execute the necessary conveyances. The transfers to Dodson could not in the absence of fraud, mistake or undue influence have been revoked by Mrs. Lombard without the consent of respondent (Civ. Code, Sec. 2280). In the absence of grounds for an attack upon the validity of these transfers her refusal to accept delivery of the conveyances from the trustee, or the failure of the latter to make such delivery, would not deprive respondent of his rights as a beneficiary, or of his remedy in equity for their enforcement. It is not contended that respondent failed to assent to the delivery to the attorney, but that the assent of Mrs. Lombard was not shown. [6] As held in *Eshleman* v. *Henrietta Vineyard Co.,* 102 Cal. 199 [36 Pac. 579], the delivery of a deed to one of two persons who in equity are joint owners is a delivery to both, and while in the instant case the express assent of Mrs. Lombard does not appear, the acts of the trustees were designed to carry out the agreement with her and were for the benefit of both beneficiaries, to which her assent, if necessary, in view of the facts, will be presumed (18 Cor. Jur., Deeds, Sec. 494, p. 416; *De Levillain* v. *Evans,* 39 Cal. 120; *Neely* v. *Buster,* 50 Cal. App. 695, 700 [195 Pac. 736]).

[7] "Respondent was permitted to testify, over objection that its loss had not been shown, to the contents of a memorandum which, according to his testimony, was written and delivered to him by his wife and at her request delivered to the attorney, the witness testifying that he had not seen the paper since its delivery to the latter. The attorney subsequently testified that he had made search therefor without success. The loss and search were sufficiently shown and any error in admitting respondent's testimony was cured by that of the attorney.

[8] "Appellants' motion for a new trial on the ground of newly discovered evidence was properly denied, it being shown by the affidavit of the witness upon whose testimony they relied that she was without knowledge of any of the facts of the transaction in question other than as related to her by Mrs. Lombard several weeks after the event, and

that her testimony as to other facts within her personal knowledge would have been cumulative.''

[9] Appellant offered to prove, by the testimony of Mary E. Scott and A. C. Maple, the facts alleged in the second separate defense of the second amended answer of Mary E. Scott to the cross-complaint of Charles E. Lombard. The allegations of this pleading, as above referred to, were to the effect that at the time of the conveyance of said real and personal property to Dolle Scott Lombard she agreed, in consideration of such transfer, that, during the lives of her parents, they, or either of them, would collect and expend the income therefrom, and that she, the said Dolle Scott Lombard, should not have any interest in said income, or any right to the possession of, or any interest in, either said real or personal property unless she survived both her parents. An objection to this offered testimony, on the ground of its incompetency, was sustained. This action of the court was undoubtedly erroneous. The proffered evidence was competent and tended to prove a trust as to said real and personal property in favor of Rial Scott and Mary E. Scott, and, upon the death of Rial Scott, in favor of Mary E. Scott alone. The said defense sufficiently alleged facts which, if proven, would show a confidential relation between the parties (*Robins* v. *Hope,* 57 Cal. 493, 497; *Hemenway* v. *Abbott,* 8 Cal. App. 450, 463 [97 Pac. 190]; *Bacon* v. *Soule,* 19 Cal. App. 428 [126 Pac. 384]), and the only consideration for the transfer to Dolle Scott Lombard was the agreement on her part that her parents should retain, during their lifetime, the exclusive possession and use of said real and personal property, and that said Dolle Scott Lombard should only succeed to the possession, use, and ownership of said real and personal property in case she survived both her parents.

''It has been established by a number of decisions in this state, that where confidential relations exist between two parties and one of them executes a conveyance of real estate to the other, upon a parol promise by the other that he will hold it for the benefit of some third person in whom the grantor is interested, there being no other consideration for the conveyance, a trust arises by operation of law in favor of the grantor, or in favor of the third person, for whom

the property is to be held. It is the violation of the parol promise which constitutes the fraud upon which the trust arises. If made in good faith, and if it is of a continuing nature, the performance of it for a time does not prevent a trust from arising when it is broken and repudiated." (*Cooney* v. *Glynn,* 157 Cal. 583, 587 [108 Pac. 506].) This principle is restated and approved in a long line of well-considered decisions of this court, which undoubtedly establish the law in this regard in this state. (*Brison* v. *Brison,* 75 Cal. 525 [7 Am. St. Rep. 189, 17 Pac. 689]; *Brison* v. *Brison,* 90 Cal. 323 [27 Pac. 186]; *Nordholt* v. *Nordholt,* 87 Cal. 552, 553 [22 Am. St. Rep. 268, 26 Pac. 88]; *Hays* v. *Gloster,* 88 Cal. 560, 562 [26 Pac. 367]; *Becker* v. *Schwerdtle,* 141 Cal. 386 [74 Pac. 1029]; *Lauricella* v. *Lauricella,* 161 Cal. 61 [118 Pac. 430]; *Taylor* v. *Morris,* 163 Cal. 717, 722 [127 Pac. 66]; *Bradley* v. *Bradley,* 165 Cal. 237 [131 Pac. 750]; *Pearl* v. *Pearl,* 177 Cal. 303 [177 Pac. 845]; *Kelly* v. *Woolsey,* 177 Cal. 325, 329 [170 Pac. 837].) See, also, the following decisions of the district court of appeal: *Tench* v. *McMeekan,* 17 Cal. App. 14 [118 Pac. 476]; *Tench* v. *McMeekan,* 17 Cal. App. 22 [118 Pac. 479]; *Hillyer* v. *Hynes,* 33 Cal. App. 506 [165 Pac. 718]; *Willats* v. *Bosworth,* 33 Cal. App. 710 [166 Pac. 357]; *Bradley* v. *Bradley,* 37 Cal. App. 263 [173 Pac. 1011]; *Logan* v. *Ryan,* 68 Cal. App. 448, 454 [229 Pac. 993].

In the Tench cases, cited above, a brother conveyed real and personal property to his sister for the purpose of their joint support during their lives, but with the understanding that the sister would take title to the property only in case she survived him. Before her death the sister conveyed said property, without consideration, to the defendant in said actions, she taking said property with notice of the agreement between the brother and sister. Thereafter the sister died before the brother, and the latter conveyed said property to his wife. After his death the wife instituted the two actions against the grantee of the sister, one to recover the real property and the other the personal property. The conveyances of the real and personal property were in writing and purported by their terms to convey the absolute title to the real and personal property to the sister. The agreement between the brother and sister that

the latter should hold the property for the joint support of herself and brother, and that no title to said property would vest in her unless she survived her brother, was entirely oral. The district court of appeal held that a constructive trust was created in favor of the brother and against the sister; that the grantee of the sister, having acquired the property without consideration and with notice of said agreement, took the same subject to said trust, and that parol evidence was admissible to prove the existence of said trust. It accordingly affirmed the judgment of the trial court directing conveyances of said real and personal property to be executed by the grantee of the sister in favor of the grantee of the brother. This court denied petitions for hearing herein in each of said cases. Under the rule enunciated in these decisions, we think there is no question as to the admissibility of the proffered evidence.

There is nothing in the stipulation of the parties, entered into at the commencement of the trial of said action, that would in any way affect the admissibility of this evidence. This stipulation refers to certain conveyances of the real and personal property during the time it was owned by the Scotts and to the condition of the record title to said property during the time of their ownership. It contains no stipulation as to the true ownership of any of said property, except that Rial Scott was the owner of the whole of said real and personal property at the time of the first conveyance thereof, and that after his death Mary E. Scott was the sole owner of certain of the personal property.

No prejudicial error in the rulings of the court other than that just considered being disclosed by the record, the case is one wherein it is proper that the trial court should find on the issues presented by the special defense, leaving the other findings to remain as part of the record (*Coleman* v. *Coleman,* 23 Cal. App. 423 [138 Pac. 362]; *Robinson* v. *Muir,* 151 Cal. 118, 125 [90 Pac. 521]).

The judgment as to appellant A. C. Maple, as administrator with the will annexed of the estate of Dolle Scott Lombard, deceased, is therefore affirmed; and as to the appellant D. B. Smith, as executor of the last will and testament of Mary E. Scott, deceased, is reversed, with directions to the trial court to hear and determine the issues presented

201 Cal.—34

by the special defense mentioned, and, upon the findings thereon and the remaining findings now a part of the record, to render and enter the appropriate judgment.

Shenk, J., Waste, C. J., Preston, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.