[Civ. No. 14343. Second Dist., Div. Two. June 1, 1944.]

LOUIS R. MORETTI, Plaintiff and Respondent, v. FRANK ABBOT et al., Appellants; BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association) et al., Cross-Defendants and Respondents.

Ray Howard and W. W. Comstock for Appellants.

Spray, Davis & Gould, Edmund Nelson and William C. Day for Respondents.

WOOD (W. J.), J.—The plaintiff obtained a judgment by which his title was quieted in a parcel of real estate and by which relief was denied to defendants on their cross-complaint. From this judgment defendants have appealed.

Prior to January 30, 1935, Mercedes Madden was the owner of a parcel of real estate located on Spring Street in Los Angeles of the value of $7,500, according to the appraisal of the bank which held a lien thereon, to secure the payment of a note on which there was due the sum of $9,438.15. At the same time Kate Carmen Abbot, a sister of Mercedes Madden, was the owner of a parcel of real estate located on Main Street in Los Angeles of the value of $19,000, according to the appraisal of the bank which held a lien thereon, to secure the payment of a note on which there was due the sum of $6,565.25. Mrs. Madden was in danger of foreclosure because

of delinquency. There was also a delinquency in the payment of three years taxes on Miss Abbot's property. On the date above mentioned Mrs. Madden and Miss Abbot deeded their respective properties by grant deed to Grace Stoermer, an officer of the bank, who in turn executed a deed in favor of Mrs. Madden and Miss Abbot, by which the record title to both properties was conveyed to them as joint tenants. Simultaneously a deed of trust was executed by the two sisters covering both parcels of property to secure a single promissory note in the sum of $17,000, the total indebtedness then due on the properties. All of these instruments were placed in escrow and were filed for record on February 18, 1935. Miss Abbot died on March 7, 1937, and on April 16, 1938, Mrs. Madden recorded in the office of the recorder of Los Angeles County an affidavit setting forth the death of Miss Abbot and the description of the property in question for the purpose of vesting legal title in herself. Mercedes Madden died on May 14, 1940. Her estate was probated and distributed to her son, plaintiff herein.

The defendants are the successors in interest of three-fourths of the estate of Miss Abbot. They contend that the joint tenancy deed was executed to the two sisters because of the insistence of the bank; that the arrangement by which the two properties were deeded to Grace Stoermer and thereafter to the sisters in joint tenancy was made for security purposes only and that it was the intention of the two sisters that their properties should be kept separate. In their cross-complaint they ask that it be decreed that they have the right to redeem the property which was deeded to Grace Stoermer by Miss Abbot upon the payment of the amount due to the bank and that there be an accounting between the parties covering the collection of rentals received from the two parties.

The trial court made findings favorable to plaintiff on the issues involved but it is argued by defendants that no findings could properly be made on the evidence except in conformity with their contentions. They refer to the evidence by which it is shown that the Madden property was in great danger of being lost whereas the Abbot property was comparatively safe; to the actions of the bank officials in arranging the joint tenancy deed; to statements made by witnesses to the effect that Miss Abbot had stated that the arrangement was only temporary; and to efforts made by Miss Abbot shortly before her death to have the properties refinanced and separated.

Evidence was presented by plaintiff in conflict with the evidence of defendants' witnesses. From the testimony of plaintiff's witnesses it appears that each of the sisters was entirely informed concerning the effect of the joint tenancy deed and that each expressed a desire to have the deed executed in joint tenancy and after the transaction was completed Miss Abbot expressed her satisfaction with what she had done. Julia Hislop testified that Miss Abbot had told her that she wanted to create the joint tenancy because there were "just the two of them and then who ever lived could get it," and that she had created the joint tenancy to make living easier for both of them. She also testified that Miss Abbot had told her that "Frank (one of the defendants) wanted to see her and tried to coerce her into changing it and she didn't want to"; that "she would not worry about where it was going to go and what was going to happen if she died." Another witness, Anna Bernardini, testified that she had had a conversation with Miss Abbot in 1934 in which Miss Abbot had stated that "she wanted to put it in joint tenancy in favor if she died her sister would get it, but if her sister died she would get it." M. A. Bernardini testified that in the latter part of 1935 he had a conversation with Mrs. Madden and Miss Abbot in which "both said they happy they have joint tenancy, said now they don't need to worry any more. Q. Did they say anything about what would happen to the property in case one died? A. They said the tenancy they were making with the bank, she said, 'If I die my property goes to Mercedes, and if Mercedes dies the property go to me.' "

█ The trial court found that: "It was the intention of said Kate Carmen Abbot and Mercedes Madden that upon said loan being paid to the Bank of America National Trust & Savings Association that said property should be reconveyed to the grantors, their heirs or assigns as would be entitled thereto under the law without in any manner whatsoever affecting said joint tenancy hereinabove created." The evidence above mentioned gives substantial support to this finding. █ It was the duty of the trial court to determine the intention of the sisters when they created the joint tenancy. The finding of the trial court on this issue being favorable to plaintiff and being supported by the evidence, it may not be disturbed on appeal. (*Smith* v. *Lombard*, 201 Cal. 518, 525 [258 P. 55].)

█ Upon the death of Miss Abbot applications were made

by Mercedes Madden and Frank Abbot for letters of administration and the petition of Frank Abbot was granted. There is no merit in the contention of defendants that this constituted an adjudication of the issue now before the court. In his application Frank Abbot alleged that the estate of Miss Abbot had a claim against Mrs. Madden as to the property in question and asked that he be appointed so that he could assert that claim. However, an examination of the files of the probate of the Abbot estate reveals that no action was commenced to assert the alleged claim.

The motion of defendants, now pending in this court, to take additional evidence on the subject of the rents collected from the two properties is denied. The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied June 21, 1944, and appellants' petition for a hearing by the Supreme Court was denied July 27, 1944.